IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN CONCANNON, | 4:14CV3173 |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| NEBRASKA DEPARTMENT OF CORRECTIONS, MICHAEL KENNEY, Director, BRIAN GAGE, Warden, and MICHELLE CAPPS, Deputy Warden, | |
| Defendants. | |

Plaintiff Kevin Concannon ("Plaintiff or "Concannon") filed his Complaint (Filing No. 1) on August 22, 2014.[1] This court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Concannon is incarcerated at the Omaha Correctional Center in Omaha, Nebraska. He was incarcerated at the Tecumseh State Correctional Institution in Tecumseh, Nebraska, when he filed this action. (Filing No. 1 at CM/ECF p. 1.) He sued a director of the Nebraska Department of Correctional Services, Michael Kenney, and also two prison wardens, Brian Gage and Michelle Capps. Liberally construed, Plaintiff alleges federal constitutional claims under 42 U.S.C. § 1983.

---

[1] It is this court's practice to conduct an initial review of a complaint after the plaintiff pays his or her initial partial filing fee. Here, Concannon tendered the total payment of his initial partial filing fee on March 9, 2015.

Concannon's allegations are very vague. He alleged he was attacked by a fellow inmate on an unspecified date. He alleged prison staff "allowed" the attack and had "written notice" that an attack would occur. In addition, he alleged he did not receive proper medical care following the attack. (Filing No. 1 at CM/ECF pp. 3, 5.) For relief, Concannon seeks $25,000,000.00 in monetary damages. (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Concannon has sued state employees and seeks only monetary relief. To the extent he seeks to sue Defendants in their official capacities, the Eleventh Amendment bars his claims for damages.

In addition, Conannon does not allege any specific acts committed by Defendants. In a cause of action under § 1983, it is necessary to specify the personal involvement of each defendant. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant

3

committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).  To the extent that Concannon seeks redress against Defendants on a theory of *respondeat superior*, his claim fails because *respondeat superior* is inapplicable to claims under 42 U.S.C. § 1983.  *Bell v. Kansas City Police Dept.*, 635 F.3d 346, 347 (8th Cir. 2011).

As pled, Concannon's allegations fail to state a claim upon which relief can be granted.  On the court's own motion, the court will provide Concannon 30 days in which to file an amended complaint that states a claim upon which relief can be granted against Defendants.  Failure to sufficiently amend his Complaint will result in dismissal of this action for failure to state a claim.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Concannon shall have 30 days to file an amended complaint that states a claim upon which relief can be granted.  Failure to sufficiently amend his Complaint will result in dismissal of this action for failure to state a claim.

2. The clerk's office is directed to set a pro se case management deadline in this case using the following text: May 8, 2015: Check for amended complaint.

DATED this 7th day of April, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.